TRESSLER, SODERSTROM,
 MALONEY & PRIESS
Robert J. Fettweis (RF 3010)
744 Broad Street
Suite 1510
Newark, NJ 07102
973-848-2900

KENYON & KENYON
James Galbraith
One Broadway
New York, NY 10004
212-425-7200

C. Kyle Musgrove
Cedric C.Y. Tan
1500 K Street N.W.
Washington DC 20005
202-220-4200

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, | **DOCUMENT ELECTRONICALLY FILED** |
| Plaintiff, | |
| v. | |
| TEVA PHARMACEUTICALS USA, INC., | Civil Action Nos. 02-3779 (JWB) 02-4537 (JWB) |
| Defendant. | (Chief Judge John W. Bissell) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY BY DEFENDANT'S TRIAL EXPERTS, OR, IN THE ALTERNATIVE, TO COMPEL ADDITIONAL DISCOVERY

DATE FOR ARGUMENT: November 22, 2004 at 10:00 a.m.

# TABLE OF CONTENTS

**Page**

INTRODUCTION……………..……………………………………...…………   1


ARGUMENT…..……………………………………….………………………   1

A.   Teva's Experts Intend To Testify On What Is In Their Respective
Expert Reports…..………………………………………………………   1

B.   SKB Cannot Claim Unfair Surprise Regarding Topics That Were
Covered At Expert Depositions...……………………………………..…   3

C.   The Listing Of Trial Exhibits In The Final Pretrial Order Is Not
Bad Faith…..……………………………………….……………………   4

D.   SKB Should Not Be Permitted Additional
Discovery…..……………………………………….……………………   5

E.   Teva's Statement Of The Legal Issues In The Final Pretrial Order
Satisfies Its Intended Purpose…..……………………………….…   5


CONCLUSION…..……………………………….…………………………   6

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Page**

*ABB Air Preheater, Inc. v. Regenerative Envtl. Equip. Co.*,
167 F.R.D. 668 (D.N.J. 1996)……………………………………………..   2, 4

*DeMarines v. KLM Royal Dutch Airlines*,
580 F.2d 1193 (3d Cir. 1978)…………………………………………..   3

*Fitz, Inc. v. Ralph Wilson Plastics Co.*,
184 F.R.D. 532 (D.N.J. 1999)…………………………………………..   2, 3

*In Re Paoli Railroad Yard PCB Litigation*,
35 F.2d 717 (3d Cir. 1994) …..……………………………….…………   3

*Reed v. Binder*,
165 F.R.D. 424 (D.N.J. 1996) ……………………………………………   3

*Seltzer v. I.C. Optics, Ltd.*,
No. 03cv01536, 2004 WL 2181781 (D.N.J. Jul. 11, 2004) …………………   3


**Rules**

*Fed. R. Civ. P. 26*(a) …..……………………………….……………   2, 3

*Fed. R. Civ. P. 37(c)(1)* …..……………………………….……………   2

*Fed. R. Civ. P. 26(a)2(B)*……………………………….……………   3

## INTRODUCTION

Defendant Teva Pharmaceuticals USA, Inc. ("Teva") submits this Opposition to plaintiff SmithKline Beecham's ("SKB") motion *in limine* to preclude testimony by Teva's trial experts on patents and publications not discussed in the body of their expert reports, or, in the alternative, to compel additional discovery.

Despite SKB's turgid prose regarding Teva's alleged failings regarding the Scheduling Orders and Expert Rules in this case, Teva has not—and does not plan to—depart from its obligations under those Orders and Rules.  Teva has advised SKB of this intention on many occasions and has explained this intention in correspondence with Magistrate Judge Haneke when SKB refused to sign the Final Pretrial Order.  SKB's attacks are baseless.  (*See* Counsel for Teva's Letter to Magistrate Judge Haneke of October 4, 2004 (Exh. A); *see also* Counsel for Teva's Letter to Counsel for SKB of September 27, 2004 (Exh. B)).[1]

## ARGUMENT

### A.    Teva's Experts Intend To Testify On What Is In Their Respective Expert Reports.

Teva's two experts have prepared and submitted comprehensive expert reports, which describe, *inter alia*, their qualifications, compensation, prior work experience, publications and opinions regarding the patent in suit along with a list of all materials that each considered and on which they intend to base their testimony. (*See* Exhibits 6, 6A and 6B of the Final Pretrial Order (in Volume III); *see also* Exhibits 7, 7A and 7B of the Final Pretrial Order (in Volume III)). Teva's experts have also stated in their expert reports that they intend to refer to their general knowledge, education and experience.  (*See* Exhibit 6 of the Final Pretrial Order (in Volume III), at ¶ 11; *see also* Exhibit 7 of the Final Pretrial Order (in Volume III), at ¶ 13).  This knowledge,

---

[1]      Exhibits A through E are attached to the Declaration of Robert J. Fettweis, Esq. In Support of Teva's Defendant's Oppositions to SKB's Motions *In Limine* submitted contemporaneously herewith under seal.

education and experience includes the publications listed in their respective reports.  Teva's

experts intend to testify at trial according to what is set forth in their expert reports, which

includes the materials considered by them and their curriculum vitae, and what was covered at

their depositions.[2]  SKB cannot legitimately claim that it was deprived of notice or prejudiced

with regard to what has been disclosed in either the expert reports or at the experts' depositions.

Indeed, SKB's only argument of "prejudice" is that certain references and publications

are not mentioned in Teva's expert reports but are included in Teva's trial exhibit list or

interrogatory responses, which are cross-referenced in Teva's statement of the legal issues in the

Final Pretrial Order.  Presumably, if at trial Teva sought to introduce, through its experts,

evidence for which SKB had not received adequate notice, SKB would object.  By the same

token, if SKB's experts attempted to testify beyond the scope of their reports, Teva would also

object.  In either case, if this Court agreed that sufficient notice had not been provided, the party

objecting would prevail.  This is the "self-executing sanction" of the Federal Rules of Civil

Procedure for failure to make a disclosure required under Rule 26(a).  *See* Rule 37(c)(1)

(advisory comm. notes); *see also ABB Air Preheater, Inc. v. Regenerative Envtl. Equip. Co.*, 167

F.R.D. 668, 671 (D.N.J. 1996) ("'This self-executing, automatic sanction is designed to provide

a strong inducement for disclosure of 26(a) material.'").  SKB has offered no reason why the

Court should depart from this normal process, especially when Teva has complied fully with the

disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B) and the pretrial order

requirements of this Court.[3]

---

[2]    A specific citation in a paragraph in an expert report is not required.  Rather, Teva's expert reports give
SKB sufficient notice on the items that are included in the materials considered by the experts and their curricula
vitae. *See Fitz, Inc. v. Ralph Wilson Plastics Co.*, 184 F.R.D. 532, 537-539 (D.N.J. 1999) (discussing list of
materials considered as providing sufficient information).

[3]    SKB relies on *Reed v. Binder*, 165 F.R.D. 424 (D.N.J. 1996), despite the fact that the *Reed* court admitted
the testimony of the experts in question.  In *Reed*, the proposed experts failed to submit information regarding
compensation, publication, prior testimony, documents relied on and a sufficient basis for their testimony.
Nevertheless, the court did not exclude the experts' testimony, but because of plaintiffs' poverty, did require
defendants to bear the fees charged by their own expert witnesses for discovery depositions.  Here, however, SKB's
only contention is that all the trial exhibits listed in the Final Pretrial Order are not found in the body of Teva's
expert reports.

**B.    SKB Cannot Claim Unfair Surprise Regarding Topics That Were Covered At Expert Depositions.**

Furthermore, to the extent SKB has deposed Teva's experts on topics that were not in the expert reports, testimony from these experts at trial on those topics should not be precluded. Indeed, to the extent that SKB has opened the door to a topic at an expert deposition, it cannot claim that it would be surprised by expert trial testimony on that topic. *See Seltzer v. I.C. Optics, Ltd.*, No. 03cv01536, 2004 WL 2181781, at *4 (D.N.J. Jul. 11, 2004) (pending publication in F. Supp.2d.) (preclusion unwarranted under Rule 37(c)(1) because defendants could not have been surprised or unprepared for allegations based on the pleadings, disclosures, and interrogatories) (Exh. C).  To exclude expert testimony, the opposing party must be prejudiced.  *See In Re Paoli Railroad Yard PCB Litigation*, 35 F.2d 717, 792-93 (3d Cir. 1994) (reversing district court's decision to exclude expert testimony where substance of expert's testimony was revealed at deposition); *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 184 F.R.D. 532, 535-536 (D.N.J. 1999) ("The purpose for 'requiring expert reports is the 'elimination of unfair surprise to the other opposing party.'") (citation omitted); *see also DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1201-1202 (3d Cir. 1978) (finding reversible error in exclusion of expert testimony outside of expert report when no surprise or prejudice).  Here, SKB cannot be surprised or prejudiced with regard to subject matter that SKB itself elicited at expert depositions.[4]

---

[4]    At the Final Pretrial Conference, Magistrate Judge Haneke made clear that experts may testify on topics raised at their depositions, whether or not those topics were also discussed in their reports.

**C.      The Listing Of Trial Exhibits In The Final Pretrial Order Is Not Bad Faith.**

SKB asserts that Teva has listed trial exhibits in the Final Pretrial Order that were never addressed in Teva's expert reports.  SKB's assertion is pointless.  In accordance with the pretrial procedure, Teva listed all documents it may offer at trial (except for purposes of impeachment).  Merely because an expert does not refer to a document does not mean it is inadmissible.  SKB knows that documents can be admitted not just through expert testimony, but through fact testimony, through cross-examination of opposing expert or fact witnesses, or simply as evidence by themselves.  Teva, however, is under no obligation to explain to SKB in advance of trial exactly how it plans to use such documents.  If a document is truly beyond the scope of what its experts can testify to, then Teva will not offer it through its experts.

Indeed, it is likely that Teva will not introduce some of the documentary exhibits at the trial because, for example, facts they demonstrate will be conceded and the exhibits will no longer be needed.  To contend that the mere act of listing such trial exhibits in the Final Pretrial Order constitutes bad faith is absurd and reckless.  Such an assertion cannot justify a prophylactic preclusion of them simply because of SKB's paranoia that Teva will attempt to sneak them into evidence through its experts while SKB is napping.  *ABB Air Preheater, Inc.*, 167 F.R.D. at 671 ("Courts in the Third Circuit should exercise particular restraint in considering motions to exclude evidence.").

**D.      SKB Should Not Be Permitted Additional Discovery.**

Regardless of how Teva introduces its trial exhibits, SKB seems to believe that it is entitled to additional discovery on them.  All the documents that Teva has listed in its pretrial exhibits are documents that have been produced in this litigation.  SKB has had a complete, full and fair opportunity to take discovery on Teva's theories, contentions, approaches and evidence.  SKB has exhaustively deposed Teva's experts.  SKB's last-second claim that it is entitled to

4

additional discovery from Teva's experts regarding topics, which the experts have apparently not discussed in their reports and therefore will not testify to at trial, is ludicrous.

**E.     Teva's Statement Of The Legal Issues In The Final Pretrial Order Satisfies Its Intended Purpose.**

SKB also takes issue with Teva's Legal Issues in the Final Pretrial Order.  Teva understands that the purpose of inclusion of a statement of legal issues in the pretrial order is to define those issues of law that this Court must decide in order to resolve the case.  The purpose is neither to set forth a complete statement of each party's case, nor to identify all the evidence that a party intends to offer in support of its case.  Other pretrial submissions serve those purposes: the exhibit lists detail the evidence, the statements of contested factual issues state what the parties intend to prove, the pretrial brief will explain the parties' legal and factual theories, expert reports set forth and circumscribe the testimony of the parties' experts, etc.

Teva believes that its initial submission to SKB (*See* Exh. D) precisely met the requirements of the pretrial order.  SKB complained, however, that this statement was incomplete and too general.  Although Teva did not agree with SKB's complaint, in an attempt to resolve this dispute, Teva requested clarification from SKB of what additional information SKB thought it was entitled to.  Teva understood SKB's response to essentially be that it would only be satisfied if the statement of legal issues listed every piece of evidence that might be used, cited to, or referred to by any witness at trial at the instigation of Teva, whether on direct or cross-examination.  (*See* Counsel for Teva's Letter to Counsel for SKB of September 27, 2004) (Exh. B)).  Notwithstanding the absurdity of SKB's assertion, Teva, in the spirit of co-operation, revised its statement of the legal issues to be inclusive, and to state the legal issues in alternative ways so that SKB could fully understand Teva's position.  (*See* Exh. E; *see also* Final Pretrial Order Volume 1 at pages 25-30, § 14).  Of course, having started down the road of inclusiveness, Teva had no choice but to go all the way, since there is no doubt that the omission of any single document or item of evidence would lead to an effort by SKB to preclude it at trial.

SKB's present motion *in limine* proves that no good deed goes unpunished.  To SKB, Teva's first effort is not complete enough, but its second effort is too complete. Teva is still at a loss to divine what SKB believes would be just right.

## CONCLUSION

For the foregoing reasons, SKB's motion *in limine* to preclude testimony by Teva's trial experts should be denied.

Dated: November 8, 2004                                        Respectfully submitted,


_____                       s/ Robert J. Fettweis (RF3010)
                                                        Tressler, Soderstrom, Maloney & Priess
                                                        744 Broad Street, Suite 1510
                                                        Newark, New Jersey  07102
                                                        (973) 848-2900
                                                        Fax: (973) 623-0405
                                                        rfettweis@tsmp.com

                                                        KENYON & KENYON
                                                        James Galbraith
                                                        One Broadway
                                                        New York, NY 10004
                                                        212-425-7200

                                                        C. Kyle Musgrove
                                                        Cedric C.Y. Tan
                                                        1500 K Street, N.W.
                                                        Washington D.C. 20005
                                                        202-220-4200

Newark-#9414-v1